IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| THE VERACITY GROUP, INC. et al., | : | CASE NO. 1:11cv526 |
|---|---|---|
| Plaintiffs, | : | Judge Timothy S. Black |
| v. | : | Magistrate Judge Stephanie K. Bowman |
| COOPER-ATKINS CORPORATION, INC., | : | |
| Defendant. | : | |

### STIPULATED PROTECTIVE ORDER

Plaintiffs The Veracity Group, Inc., Jack J. Kennamer and Christopher F. Hauck (collectively, "Plaintiffs") and Defendant Cooper-Atkins Corporation ("Defendant") enter into this Stipulated Protective Order and respectfully request that the Court enter it in this case.

WHEREAS, the Parties in this Action have served or will serve discovery requests upon each other and non-parties ("Discovery Requests");

WHEREAS, certain of the Discovery Requests and testimony may involve confidential personal, financial, business or proprietary information of the Parties or non-parties;

WHEREAS, good cause has been shown for the entry of a protective order pursuant to Federal Rule of Civil Procedure 26(c); and

WHEREAS, the Parties wish to proceed expeditiously with discovery in this action without burdening the Court with unnecessary procedural litigation.

Upon the stipulation of the Parties hereto it is therefore ORDERED, ADJUDGED AND DECREED that the following rules and procedures shall govern all documents, materials and

information obtained through discovery in this action:

1.  All documents, records, tangible materials, tapes, transcripts, testimony or other information of any type, nature or description and copies thereof provided in this matter by any of the Parties or non-parties or any law firm acting on behalf of any of the Parties or non-parties that, in the good faith opinion of counsel, are reasonably believed by the producing Party or non-party to contain confidential information ("Protected Material") may be designated by the Party or non-party producing such Protected Material by stamping the material or otherwise placing a designation on each page of the material labeling it as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The "Highly Confidential – Attorneys' Eyes Only" designation shall be used with respect to Protected Material containing the following nonexclusive list of types of confidential information: financial information, financial projections, valuations, marketing and/or business strategy, marketing and/or business projections, customer lists and other trade secrets, non-public intellectual property, personal identification information, personal medical information, software code, and information subject to confidentiality agreements or provisions other than this Order.

2.  All Protected Material provided during the course of discovery in this action shall be disclosed and used solely in connection with the preparation and trial of this action or another litigation, legal claim or legal proceeding, and not for any business or other purpose.

3.  Any Protected Material designated as "Confidential," and copies, derivations and extracts therefrom, and compilations and summaries thereof, and the information therein, shall be maintained under strict confidence by counsel for the Parties and shall be disclosed only to:

   (a)  Attorneys of record in this action;

(b) Attorneys and employees of the office or firms of the attorneys of record in this action, who are engaged in work on this matter under the supervision of the attorneys of record;

(c) The Court and its officers, and court reporters and court employees in the performance of their official duties;

(d) Persons who prepared a particular item or document constituting Protected Material, or to whom the item or document or a copy thereof was addressed or delivered, but only to the extent such disclosure and subsequent use of the information is for the prosecution or defense of this action;

(e) Independent expert witnesses or consultants who are consulted for the purpose of being retained in this action, or who have been retained for purposes of this matter (and who are not otherwise employed by or associated directly or indirectly with a Party and are not employed directly or indirectly by a competitor of a Party), but only to the extent such disclosure and subsequent use of the information is for the prosecution or defense of this action;

(f) The Parties (including the officers, directors and employees of the Parties to the extent such persons are assisting counsel for the Party in the prosecution or defense of this action);

(g) Any other individual who is being deposed or called to testify at trial, who in the good faith opinion of counsel must be shown the contents of any Protected Material; and

(h) Any other person on such terms and conditions as the Parties mutually may agree upon, in writing, or as determined by further order of the Court.

4. Any Protected Material designated as "Highly Confidential – Attorneys' Eyes Only," and copies, derivations and extracts therefrom, and compilations and summaries thereof,

and the information therein, shall be maintained under strict confidence by counsel for the Parties and shall be disclosed only to:

    (a)    Attorneys of record in the action;

    (b)    Attorneys and employees of the office or firms of the attorneys of record in this action, who are engaged in work on this matter under the supervision of the attorneys of record;

    (c)    The Court and its officers, and court reporters and court employees in the performance of their official duties;

    (d)    Independent expert witnesses or consultants who are consulted for the purpose of being retained in this action, or who have been retained for purposes of this matter (and who are not otherwise employed by or associated directly or indirectly with a Party and are not employed directly or indirectly by a competitor of a Party), but only to the extent such disclosure and subsequent use of the information is for the prosecution or defense of this action; and

    (e)    Any other person on such terms and conditions as the attorneys of record in the action mutually may agree upon, in writing, or as determined by further order of the Court.

5.    In addition to all other provisions herein, and notwithstanding anything to the contrary herein, any source code produced shall not be disclosed to any person or entity, except on a need to know basis, and provided that disclosure is limited to those portions of the source code necessary for the expert or consultant or other authorized person to perform his or her work, and only to the extent necessary for the expert or consultant or authorized person to perform his or her work.

4

6. Prior to disclosure of any Protected Material to any person other than attorneys and office staff of the firms or offices of attorneys of record for the Parties, each person shall be provided with a copy of this Agreement, and shall be requested by the disclosing Party to read this Agreement and agree in writing to be bound by its terms and conditions in the form of the acknowledgment attached as Exhibit A. Copies of the acknowledgments executed by these persons shall be retained by the disclosing Party's counsel. Any person to whom any Protected Material has been disclosed consents to the jurisdiction of the United States District Court for the Southern District of Ohio for the purposes of any action seeking to enforce the terms and conditions of this Order.

7. The effect of a designation made under paragraph 2 or 3 is that the Protected Material, and copies, derivations and extracts therefrom, and compilation and summaries thereof, and the information therein, shall be deemed to be Confidential or Highly Confidential – Attorneys' Eyes Only as though such a designation had been made by order of the Court. Protected Material shall be used and disclosed only as provided in this order, until further order of the Court or written agreement of the Parties. Ten or more days after a Party requests the other in writing to grant permission to use Protected Material other than as provided in this order, if permission is not granted or if a reasonable compromise has not been reached, that Party may move for an order of the Court in which this action is pending that the moving Party be permitted to use Protected Material other than as provided in this order. The moving Party shall bear the burden to prove that good cause exists to relieve the moving Party of the restrictions imposed by this agreement on the use of the Protected Material.

8. The attorneys of record in the action are responsible, under applicable law, for employing reasonable measures to control duplication of, access to and distribution of copies of Protected Material.

9. Nothing in this Agreement shall prevent a Party from using at a hearing or during a deposition, or in connection with briefs or other papers filed with the Court in this action, any information or testimony designated "Confidential," or "Highly Confidential – Attorneys' Eyes Only," provided that the Party gives such prior notice to the producing Party or non-party as is reasonable under the circumstances. Any testimony or information so designated, including deposition transcripts, as well as briefs and other papers containing Protected Material or otherwise submitted to the Court, shall be handled in the manner directed by the Court and shall not be disclosed except as provided in this Agreement. If testimony or information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is used during a deposition, that portion of the deposition transcript will be marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Agreement. If testimony or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is used at a hearing, then the Party or non-party seeking to maintain confidentiality of Protected Material shall be responsible for requesting the Court to establish hearing procedures to protect such material.

10. If, through inadvertence, a producing Party or non-party provides any confidential information without marking the information as Confidential or Highly Confidential – Attorneys' Eyes Only, or provides any information subject to a claim of attorney-client privilege, work product protection, or other privilege or immunity, the producing Party or non-party may, within fifteen business days of the discovery of the inadvertent disclosure, inform the receiving Parties of the Confidential or Highly Confidential – Attorneys' Eyes Only or privileged or

6

immune nature of the disclosed information. If the information is confidential, the producing Party or non-party must also provide a new copy of such information appropriately marked as Confidential or Highly Confidential – Attorneys' Eyes Only. Within five business days, the receiving Parties shall return or destroy all prior copies of the newly designated privileged, immune or confidential materials, and confirm in writing that they have done so.

11. Any person receiving information under the terms of this Agreement designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall make no use of the Protected Material except for purposes of the preparation for and the hearing of this matter, and any appeals permitted by law. No person shall make copies, extracts or summaries of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information except under the supervision of counsel when, in the judgment of counsel, such copies or other papers are necessary for the conduct of this matter. Counsel and all other persons to whom "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information is disclosed shall take reasonable and appropriate precautions to avoid loss or inadvertent disclosure of such materials. No information obtained under this Agreement shall be added to any electronic data base for any purpose other than the review and retrieval of data for this action.

12. Nothing contained in this Agreement shall be construed as a waiver by a Party of its right to object to the subject matter of any discovery request made in this matter.

13. This Agreement shall be without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is discoverable, subject to protection from disclosure, or relevant to any issue in this matter.

14. A Party or non-party may disclose what that Party or non-party has designated as that Party's or non-party's "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information to any person at any time without complying with the provisions of this Agreement, provided that, upon disclosure by such Party or non-party to persons other than those identified in paragraphs 2 and 3, the information so disclosed shall no longer be deemed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under this Agreement.

15. Within Ninety (90) days after final termination of this matter, whether by settlement or decision by the Court or appellate tribunal, each Party, upon receiving an express request from the opposing Party, shall within a reasonable time assemble and return to the opposing Party or non-parties all documentary material, transcripts, records or other tangible material designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," including all copies, derivations, extracts, compilations and summaries of such material which may have been made, but excluding any notes or other attorneys' work product or copies submitted as exhibits at the hearing, or shall destroy such materials and confirm destruction in writing to the other Party and non-parties.

16. This Order is without prejudice to the right of any Party or non-party to apply to the Court for an order permitting other information produced in discovery herein to be treated as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the terms of this Order.

17. This Stipulated Protective Order, and its terms, may be modified only by an order which is entered by this Court.

IT IS SO ORDERED:

*Stephanie K. Bowman*
Stephanie K. Bowman

United States Magistrate Judge

Respectfully submitted,

| | |
|---|---|
| /s/ Monica L. Dias | /s/ Michael L. Scheier |
| Jill P. Meyer (0066326) | Michael L. Scheier (0055512) |
| Monica L. Dias (0073617) | Jamie M. Goetz-Anderson (0083562) |
| Austin Padgett (0085368) | KEATING MUETHING & KLEKAMP PLL |
| FROST BROWN TODD LLC 3300 Great American Tower | One East Fourth Street Suite 1400 |
| 301 East Fourth Street | Cincinnati, Ohio 45202 |
| Cincinnati, Ohio 45202 513.651.6800 | 513.579.6400 |
| 513.651.6981 (Facsimile) | 513.579.6457 (Facsimile) |
| jmeyer@fbtlaw.com | mscheier@kmklaw.com |
| mdias@fbtlaw.com | jgoetzanderson@kmklaw.com |
| apadgett@fbtlaw.com | |
| | *Attorneys for Plaintiffs* |
| *Attorneys for Defendant Cooper-Atkins Corporation, Inc.* | |

9

## **EXHIBIT A**

ACKNOWLEDGMENT

I, _____, hereby state that I have read a copy of the Stipulated Protective Order entered by the Court in Case No. 1:11cv526 on the ____ day of _____, 20__. In consideration for my preparation for or participation in the case and for other good and sufficient consideration, the receipt and sufficiency of which I acknowledge, I agree to be bound by the terms and conditions set forth in the Stipulated Protective Order and hereby subject myself to the jurisdiction of the United States District Court for the Southern District of Ohio for the purposes of any action seeking to enforce the terms and conditions set forth in the Stipulated Protective Order.

_____

CINLibrary 0000000.0001524 2466621v3