UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VERACITY GROUP, INC., et al.,               Case No. 1:11-cv-526

    Plaintiffs,                                  Black, J.
                                                 Bowman, M.J.

    v.

COOPER ATKINS CORP., INC.,

    Defendant.

**MEMORANDUM ORDER**

The above-captioned case has been referred to the undersigned magistrate judge for resolution of all pretrial motions and disputes, excluding motions for summary judgment. (Doc. 30).  On November 12, 2012, Defendant filed a formal motion to compel discovery responses from Plaintiffs.[1]  The Court conducted a telephonic conference on Defendant's motion on November 27, 2012, in an attempt to expedite resolution of the dispute.  The deadline for the completion of discovery expires today, on November 30, 2012.

All parties have agreed to resolution of the dispute without further briefing, based upon the arguments presented at the telephonic hearing.  While it is unnecessary to reiterate most of those arguments, the Court notes that in broad terms, Defendant contends that Plaintiffs' responses are insufficiently detailed.  For example, Veracity's responses to Interrogatories 4, 5, 7 and 10, Kennamar's response to Interrogatory 13, and

---

[1] The filing of a formal motion to compel is generally disfavored by the undersigned magistrate judge.  In addition to being specified in the undersigned's Civil Pretrial Procedures (Subsections D(2) and D(3)) published on the Court's website, the parties presumably became familiar with the Court's procedures through resolution of an earlier discovery dispute on July 24, 2012.  All parties are forewarned that in the future, the Court may exercise its discretion to summarily deny any discovery motion that is filed without Court authorization.

Hauck's response to Interrogatory 13, merely refer to meetings, calls, or other exchanges of information at which "Veracity [or other relevant subject matter] was discussed." Defendant seeks additional detail for many of Plaintiffs' responses, while Plaintiffs suggest that additional details are best gleaned through deposition discovery rather than document discovery.  Plaintiffs additionally argue that many of the disputed requests are overbroad, irrelevant, and/or unduly burdensome.

The Court being fully advised, **IT IS ORDERED:**

1.  To the extent that Plaintiffs have additional information concerning the detail(s) of what "was discussed," Plaintiffs shall supplement their prior interrogatory responses;

2.  Plaintiffs' counsel having represented to the Court that the identity of the Cooper-Atkins employee referenced in Paragraphs 36, 69, 84 and 94 of the Complaint is unknown, Plaintiffs shall supplement their responses to so state;

3.   Defendant's motion to compel Veracity's response to Interrogatory No. 23 is denied, without prejudice to renew following receipt of responses to Defendant's third set of interrogatory requests;

4.  Plaintiffs shall more fully respond to discovery requests relating to source code by producing the requested information in its entirety, beginning with the earliest version available, whether compiled or not compiled, through 2010.  However, production is conditioned on the designation of this information as "Highly Confidential," pursuant to the existing protective order (Doc. 31), that limits dissemination to Attorneys' Eyes Only and Defendant's expert(s);

5.  Plaintiff Veracity shall supplement its responses to Document Requests 10, 11, and 12, to the extent that any prior drafts of the responsive documents exist;

6.  Plaintiffs shall more fully respond to all Document Requests referenced in

2

subsection 6(a) of Defendant's motion (Doc. 39-1 at 14-15), except that Veracity need respond to Request 21 only to the extent that the communications reference the Defendant or its products. Likewise, Veracity need respond to Requests 60-62 only if Veracity's "final advertisements, brochures and press releases" discuss, refer to, or comment on Cooper-Atkins or its products.

    7. Plaintiffs shall fully respond to Veracity Document Requests 66 and 67, and Kennamer and Hauck Document Requests 21 and 22;

    8. Plaintiffs shall fully respond to Veracity Document Requests 15-17, Kennamer Document Requests 1 and 2, and Hauck Document Requests 1 and 2, provided that the same information is not provided through responses to Requests for Admission;

    9. Defendant's request to compel Plaintiffs to produce the corporate tax return of Veracity, the personal tax returns of Kennamer and Hauck, and updated Profit and Loss statements is granted. Production is conditioned upon the designation of this information as "Highly Confidential" pursuant to the existing protective order that limits dissemination to Attorneys' Eyes Only and Defendant's expert(s). Defendant's request to compel production of additional financial information relating to damages, including but not limited to Defendant's requests for documents relating to Veracity's assets, liabilities, costs and revenues, is denied;

    10. Veracity shall supplement its responses to Document Request 84 by listing or providing responsive documents concerning all former and/or current customers of Cooper-Atkins, as well as customers of the Defendant with whom Veracity has had communication;

    11. Veracity shall supplement its response to Document Request 59 by producing not only "final" promotional and advertising materials, but all draft materials responsive to that request, from the date the website was in operation to the present time, *except* that

3

4

draft materials need be produced only to the extent that they reference, indirectly or directly, either Defendant or its products;

      12.  To the extent that this Order **grants in part** Defendant's motion to compel (Doc. 39), the compelled production shall be completed on or before **December 21, 2012**;

      13.  While the Court has attempted to fully address all provisions, any portion of Defendant's pending motion to compel that is not specifically addressed by this Order is denied.

      *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge