UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VERACITY GROUP, INC., et al.,

    Plaintiffs,

    v.

COOPER ATKINS CORP., INC.,

    Defendant.

Case No. 1:11-cv-526

Black, J.
Bowman, M.J.

**MEMORANDUM ORDER**

Initially, the parties in this case met as required under Rule 26, Fed. R. Civ. P., and agreed in two Rule 26(f) reports filed with the Court, that no deadline should be imposed for motions to amend their pleadings. (Docs. 19, 26). However, on March 9, 2012 after a conference with the parties, the presiding district judge entered a Calendar Order that set a deadline of June 30, 2012 to "move to amend complaint or add parties." The same Order set a number of additional pretrial deadlines, and a trial date of August 26, 2013. (Doc. 29).

On August 14, 2012, at the joint request of the parties, the Court vacated its prior Calendar Order "[f]or good cause shown," and established a new Calendar Order that extended virtually all prior deadlines and moved the trial date to December 9, 2013. Notably, neither the parties' joint motion for extension, nor the new Calendar Order, addressed either the prior deadline for amending the complaint, or the deadline for disclosing fact witnesses. (*See* Docs. 35, 36).

On October 19, 2012, Defendant moved for leave to amend its Answer to add 13 permissive counterclaims against multiple Plaintiffs. (See Doc. 37). Defendant's motion explained that the basis for the proposed amendment was Defendant's discovery, after June 30, 2012, of new information that supported the counterclaims.

In a response filed in opposition (Doc. 38), Plaintiffs urge this Court to deny the proposed amendment on grounds that Defendant's motion is well beyond the June 30, 2012 deadline set forth in the Court's first Calendar Order. Plaintiffs argue that Defendant's motion fails to include salient details concerning the discovery of new information, and therefore fails to demonstrate the "good cause" required to modify a scheduling order under Rule 16(b)(4), Fed. R. Civ. P. In addition, Plaintiffs contend that the motion can and should be denied under Rule 15, based upon Defendant's allegedly undue delay. Plaintiffs assert that they would be prejudiced if the amendment is permitted, because the deadline for the completion of written discovery recently expired on November 30, 2012.

In a reply memorandum, Defendant rebuts Plaintiffs' primary argument by including additional details (supported by 54 pages of exhibits)[1] concerning dates on which it uncovered specific information to support the proposed counterclaims. (Doc 40).

Having reviewed the parties' memoranda, the Court will permit the proposed amendment. While not central to the Court's decision, it bears noting that the original scheduling order addressed only amendments to the *complaint*, and not technically, to the answer. As stated, the parties originally sought no deadline for the amendment of pleadings. In any event, the original Calendar Order that set the deadline to amend was vacated *in its entirety* by the second Calendar Order, which contained no deadlines for motions to amend the pleadings. Nevertheless, the parties have thoroughly briefed this issue as if the deadline for amending the complaint continued to apply to all pleadings. For that reason, the Court has considered the merits of the motion.

---

[1] Both parties appear to have left no stone unturned in briefing this issue; Plaintiffs' response in opposition, including exhibits, encompasses 58 pages.

The Court will permit the requested amendment based upon judicial economy, the demonstration by Defendant that it did not engage in undue delay,[2] and the relative absence of prejudice to Plaintiffs.  Plaintiffs do not dispute that the counterclaims are very closely related to the ongoing litigation.  Indeed, the parties' recent discovery disputes have made that abundantly clear.  While it is true that the deadline for written discovery recently expired, disputes over written discovery continue, and deposition discovery is not scheduled to close until February 28, 2013.  Other pretrial deadlines are set sufficiently far in the future that the Court should be able to accommodate a brief extension of written discovery without impacting more critical deadlines, should such an extension be required to alleviate any prejudice to Plaintiffs.

The Court being fully advised, **IT IS ORDERED:**

1.  Defendant's motion for leave to amend its Answer (Doc. 37) is **GRANTED**;

2.  Defendant shall file the tendered Answer and Counterclaims without further delay, on or before **December 12, 2012.**

3.  In light of this Order, Defendant's request for oral argument is **DENIED**.

                                           *s/ Stephanie K. Bowman*
                                           Stephanie K. Bowman
                                           United States Magistrate Judge

---

[2] That said, the record reflects that defense counsel alerted Plaintiffs to the likelihood of counterclaims in November 2011.  While that fact may reflect on Defendant's diligence, it cuts both ways, to the extent that Plaintiffs were provided some notice of the counterclaims long before the pending motion was filed.