**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**THE VERACITY GROUP, INC.,** *et al.*,          **Case No. 1:11cv00526**

        **PLAINTIFFS,**          **(Judge Timothy S. Black)**

   **v.**

**COOPER-ATKINS CORPORATION,**

        **DEFENDANT.**

**PLAINTIFFS'
<u>ANSWER TO COUNTERCLAIMS</u>**

For its answer to the counterclaims asserted by Defendant Cooper-Atkins Corporation, Plaintiffs/Counterclaim Defendants The Veracity Group, Jack Kennamer, and Christopher Hauck (collectively, "Plaintiffs") respond as follows:

1.    Plaintiffs admit the Kennamer and Hauck are the founders of Veracity and are former employees of Defendant.  Plaintiffs admit that Cooper-Atkins and Veracity compete with respect to wireless temperature monitoring systems.  Plaintiffs deny all other allegations in Paragraph 1.

2.    Plaintiffs deny each and every allegation contained in Paragraph 2 of Defendant's Counterclaim.

3.    Plaintiffs deny each and every allegation contained in Paragraph 3 of Defendant's Counterclaim.

4.    Plaintiffs deny each and every allegation contained in Paragraph 4 of Defendant's Counterclaim.

5.     Plaintiffs deny each and every allegation contained in Paragraph 5 of Defendant's Counterclaim.

6.     Plaintiffs deny each and every allegation contained in Paragraph 6 of Defendant's Counterclaim.

## THE PARTIES

7.     Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the statements in Paragraph 7 and therefore deny the same.

8.     Plaintiffs admit that Veracity is an Ohio corporation with a principal place of business at 7575 E. Kemper Rd., Cincinnati, Ohio 45249.

9.     Plaintiffs admit the statements contained in Paragraph 9 of the Counterclaim.

10.     Plaintiffs admit the statements contained in Paragraph 10 of the Counterclaim.

## JURISDICTION AND VENUE

11.     Plaintiffs admit that this Court has jurisdiction over Defendant's Counterclaim and that venue is proper in this Court.

12.     Plaintiffs admit that, by virtue of their own claims, the amount in controversy in this matter exceeds seventy-five thousand dollars ($75,000.00).

13.     Plaintiffs admit that this Court has original subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332, and 1338.

14.     Plaintiffs admit that this Court has supplemental jurisdiction over any and all state law claims asserted in this action.

15.     Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the statements in Paragraph 15.

16.     Veracity admits that venue is proper in this Court under 28 U.S.C. §1391.

## FACTUAL BACKGROUND

17.     Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the statements in Paragraph 17.

18.     Plaintiffs admit the statements contained in Paragraph 18 of the Counterclaim.

19.     Plaintiffs admit the statements contained in Paragraph 19 of the Counterclaim, except that they lack knowledge sufficient to form a belief regarding the trademark registration.

20.     Plaintiffs admit the statements contained in Paragraph 20 of the Counterclaim.

21.     Plaintiffs deny each and every allegation contained in Paragraph 21 of the Counterclaim.

22.     Plaintiffs admit that they resigned their employment with Cooper-Atkins on or around July 10, 2009.  Plaintiffs deny all other allegations contained in Paragraph 22 of Defendant's Counterclaim.

23.     Plaintiffs admit that a Point Six representative met with Hauck in or around May 2009, and that the Point Six representative reviewed prototype and/or first-run Point Six products related to WiFi.  Plaintiffs deny each and every other allegation contained in Paragraph 23 of Defendant's Counterclaim.

24.     Plaintiffs admit that Veracity was incorporated in the state of Ohio on November 13, 2006 and that Kennamer and Hauck were officers, directors, or founders of Veracity before July 10, 2009.  Plaintiffs deny each and every other allegation contained in Paragraph 24 of the Counterclaim.

25.     Plaintiffs admit that Veracity first began marketing products on or around December 2009.  Plaintiffs further admit that their products contained wireless temperature monitoring capabilities, including WiFi.  Plaintiffs deny each and every other allegation contained in Paragraph 25 of the Counterclaim.

26.     Plaintiffs deny each and every allegation contained in Paragraph 26 of the Counterclaim.

27.     Plaintiffs admit that Veracity entered into a memorandum of understanding with Point Six Wireless in 2009.  To the extent that Paragraph 27 contains any other factual allegations, Plaintiffs deny each and every other allegation contained in Paragraph 27.

28.     Plaintiffs deny each and every allegation contained in Paragraph 28 of the Counterclaim.

29.     Plaintiffs admit that Veracity entered the WiFi market in December 2009, but deny each and every other allegation contained in Paragraph 29 of Defendant's Counterclaim.

30.     Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the statements in Paragraph 30.

31.     Plaintiffs deny the allegations contained in Paragraph 31 of Defendant's Counterclaim.

32.     Plaintiffs deny each and every allegation contained in Paragraph 32 of Defendant's Counterclaim.

33.     Plaintiffs deny that they recruited Defendant's employees.  Plaintiffs admit that they hired Stu Small and David Duran.   Plaintiffs deny each and every remaining allegation in Paragraph 33.

34.     Plaintiffs admit that some of Veracity's advertising has stated that VersaTrak was "developed by the creators of TempTrak," except its advertising indicates that the TempTrak is a trademark of Cooper-Atkins.  Plaintiffs admit that the name VersaTrak Version 5.0 was used in advertising.  Plaintiffs are without sufficient information or knowledge to form a belief as to the truth of any remaining statements in Paragraph 34.

35.     Plaintiffs deny each and every allegation contained in Paragraph 35 of Defendant's Counterclaim.

36.     Plaintiffs deny each and every allegation contained in Paragraph 36 of Defendant's Counterclaim.

37.     Plaintiffs deny each and every allegation contained in Paragraph 37 of Defendant's Counterclaim.

38.     Plaintiffs admit that Pete Savage made a statement to Tenet Health on January 7, 2011, deny Defendant's characterization of that statement, and deny each and every other allegation contained in Paragraph 38 of Defendant's Counterclaim.

39.     Plaintiffs deny each and every allegation contained in Paragraph 39 of Defendant's Counterclaim.

40.     Plaintiffs deny each and every allegation contained in Paragraph 40 of Defendant's Counterclaim.

41.     Plaintiffs admit that their promotion material states that TempTrak "requires on site engineer visit to validate each transmitters' calibration EVERY YEAR."  Plaintiffs deny each and every other allegation contained in Paragraph 41 of Defendant's Counterclaim.

42.     Plaintiffs deny each and every allegation contained in Paragraph 42 of Defendant's Counterclaim.

43.     Plaintiffs deny each and every allegation contained in Paragraph 43 of Defendant's Counterclaim.

44.     Plaintiffs deny each and every allegation contained in Paragraph 44 of Defendant's Counterclaim.

45.     Plaintiffs deny each and every allegation contained in Paragraph 45 of Defendant's Counterclaim.

46.     Plaintiffs admit that Stu Small oversees the Veracity website, but deny each and every other allegation contained in Paragraph 46 of Defendant's Counterclaim.

47.     Plaintiffs deny each and every allegation contained in Paragraph 47 of Defendant's Counterclaim.

48.     Plaintiffs deny each and every allegation contained in Paragraph 48 of Defendant's Counterclaim.

49.     Plaintiffs note that Paragraph 49 states a legal conclusion, but to the extent it is deemed to contain factual allegations, they are denied.

50.     Plaintiffs note that Paragraph 50 states a legal conclusion, but to the extent it is deemed to contain factual allegations, they are denied.

51.     Plaintiffs note that Paragraph 51 states a legal conclusion, but to the extent it is deemed to contain factual allegations, they are denied.

## COUNT I

52.     Plaintiffs incorporate by reference its answers set forth in Paragraphs 1 through 51 as if fully restated herein.

53.     Plaintiffs deny each and every allegation contained in Paragraph 53 of Defendant's Counterclaim.

54.     Plaintiffs deny each and every allegation contained in Paragraph 54 of Defendant's Counterclaim.

55.     Plaintiffs deny each and every allegation contained in Paragraph 55 of Defendant's Counterclaim.

56.     Plaintiffs deny each and every allegation contained in Paragraph 56 of Defendant's Counterclaim.

57.     Plaintiffs deny each and every allegation contained in Paragraph 57 of Defendant's Counterclaim.

58.     Plaintiffs deny each and every allegation contained in Paragraph 58 of Defendant's Counterclaim.

59.     Plaintiffs deny each and every allegation contained in Paragraph 59 of Defendant's Counterclaim.

60.     Plaintiffs deny each and every allegation contained in Paragraph 60 of Defendant's Counterclaim.

61.     Plaintiffs deny each and every allegation contained in Paragraph 61 of Defendant's Counterclaim.

## **COUNT II**

62.     Plaintiffs incorporate by reference its answers set forth in Paragraphs 1 through 51 as if fully restated herein.

63.     Plaintiffs are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63.

64.     Plaintiffs deny each and every allegation contained in Paragraph 64 of Defendant's Counterclaim.

65.     Plaintiffs deny each and every allegation contained in Paragraph 65 of Defendant's Counterclaim.

66.     Plaintiffs deny each and every allegation contained in Paragraph 66 of Defendant's Counterclaim.

67.     Plaintiffs deny each and every allegation contained in Paragraph 67 of Defendant's Counterclaim.

68.     Plaintiffs deny each and every other allegation contained in Paragraph 68 of Defendant's Counterclaim.

69.     Plaintiffs deny each and every allegation contained in Paragraph 69 of Defendant's Counterclaim.

70.     Plaintiffs deny each and every allegation contained in Paragraph 70 of Defendant's Counterclaim.

71.     Plaintiffs deny each and every allegation contained in Paragraph 71 of Defendant's Counterclaim.

72.     Plaintiffs deny each and every allegation contained in Paragraph 72 of Defendant's Counterclaim.

73.     Plaintiffs deny each and every allegation contained in Paragraph 73 of Defendant's Counterclaim.

74.     Plaintiffs deny each and every allegation contained in Paragraph 74 of Defendant's Counterclaim.

## COUNT III

75.     Plaintiffs incorporate by reference their answer set forth in Paragraphs 1 through 74 as if fully restated herein.

76.     Plaintiffs deny each and every allegation contained in Paragraph 76 of Defendant's Counterclaim.

77.     Plaintiffs deny each and every allegation contained in Paragraph 77 of Defendant's Counterclaim.

78.     Plaintiffs deny each and every allegation contained in Paragraph 78 of Defendant's Counterclaim.

79.     Plaintiffs deny each and every allegation contained in Paragraph 79 of Defendant's Counterclaim.

80.     Plaintiffs deny each and every allegation contained in Paragraph 80 of Defendant's Counterclaim.

81.     Plaintiffs deny each and every allegation contained in Paragraph 81 of Defendant's Counterclaim.

82.     Plaintiffs deny each and every allegation contained in Paragraph 82 of Defendant's Counterclaim.

83.     Plaintiffs deny each and every allegation contained in Paragraph 83 of Defendant's Counterclaim.

84.     Plaintiffs deny each and every allegation contained in Paragraph 84 of Defendant's Counterclaim.

## **COUNT IV**

85.     Plaintiffs incorporate by reference their answers to Paragraphs 1 through 84 as if fully restated herein.

86.     Plaintiffs deny each and every allegation contained in Paragraph 86 of Defendant's Counterclaim.

87.     Plaintiffs deny each and every allegation contained in Paragraph 87 of Defendant's Counterclaim.

88.     Plaintiffs deny each and every allegation contained in Paragraph 88 of Defendant's Counterclaim.

89.     Plaintiffs deny each and every allegation contained in Paragraph 89 of Defendant's Counterclaim.

90.     Plaintiffs deny each and every allegation contained in Paragraph 90 of Defendant's Counterclaim.

91.     Plaintiffs deny each and every allegation contained in Paragraph 91 of Defendant's Counterclaim.

92.    Plaintiffs deny each and every allegation contained in Paragraph 92 of Defendant's Counterclaim.

## COUNT V

93.    Plaintiffs incorporate by reference their answers to Paragraphs 1 through 92 as if fully restated herein.

94.    Plaintiffs deny each and every allegation contained in Paragraph 94 of Defendant's Counterclaim.

95.    Plaintiffs deny each and every allegation contained in Paragraph 95 of Defendant's Counterclaim.

96.    Plaintiffs deny each and every allegation contained in Paragraph 96 of Defendant's Counterclaim.

97.    Plaintiffs deny each and every allegation contained in Paragraph 97 of Defendant's Counterclaim.

## COUNT VI

98.    Plaintiffs incorporate by reference their answers to Paragraphs 1 through 97 as if fully restated herein.

99.    Plaintiffs deny each and every allegation contained in Paragraph 99 of Defendant's Counterclaim.

100.    Plaintiffs deny each and every allegation contained in Paragraph 100 of Defendant's Counterclaim.

101.   Plaintiffs deny each and every allegation contained in Paragraph 101 of Defendant's Counterclaim.

102.   Plaintiffs deny each and every allegation contained in Paragraph 102 of Defendant's Counterclaim.

103.   Plaintiffs deny each and every allegation contained in Paragraph 103 of Defendant's Counterclaim.

## **COUNT VII**

104.   Plaintiffs incorporate by reference their answers to Paragraphs 1 through 103 as if fully restated herein.

105.   Plaintiffs deny each and every allegation contained in Paragraph 105 of Defendant's Counterclaim.

106.   Plaintiffs deny each and every allegation contained in Paragraph 106 of Defendant's Counterclaim.

107.   Plaintiffs deny each and every allegation contained in Paragraph 107 of Defendant's Counterclaim.

108.   Plaintiffs deny each and every allegation contained in Paragraph 108 of Defendant's Counterclaim.

109.   Plaintiffs deny each and every allegation contained in Paragraph 109 of Defendant's Counterclaim.

110.    Plaintiffs deny each and every allegation contained in Paragraph 110 of Defendant's Counterclaim.

111.    Plaintiffs deny each and every allegation contained in Paragraph 111 of Defendant's Counterclaim.

## **COUNT VIII**

112.    Plaintiffs incorporate by reference their answers to Paragraphs 1 through 112 as if fully restated herein.

113.    Plaintiffs deny each and every allegation contained in Paragraph 113 of Defendant's Counterclaim.

114.    Plaintiffs deny each and every allegation contained in Paragraph 114 of Defendant's Counterclaim.

115.    Plaintiffs deny each and every allegation contained in Paragraph 115 of Defendant's Counterclaim.

116.    Plaintiffs deny each and every allegation contained in Paragraph 116 of Defendant's Counterclaim.

117.    Plaintiffs deny each and every allegation contained in Paragraph 117 of Defendant's Counterclaim.

118.    Plaintiffs deny each and every allegation contained in Paragraph 118 of Defendant's Counterclaim.

119.    Plaintiffs deny each and every allegation contained in Paragraph 119 of Defendant's Counterclaim.

120.    Plaintiffs deny each and every allegation contained in Paragraph 120 of Defendant's Counterclaim.

121.    Plaintiffs deny each and every allegation contained in Paragraph 121 of Defendant's Counterclaim.

122.    Plaintiffs deny each and every allegation contained in Paragraph 122 of Defendant's Counterclaim.

123.    Plaintiffs deny each and every allegation contained in Paragraph 123 of Defendant's Counterclaim.

## **COUNT IX**

124.    Plaintiffs incorporate by reference their answers to Paragraphs 1 through 123 as if fully restated herein.

125.    Plaintiffs deny each and every allegation contained in Paragraph 125 of Defendant's Counterclaim.

126.    Plaintiffs deny each and every allegation contained in Paragraph 126 of Defendant's Counterclaim.

127.    Plaintiffs deny each and every allegation contained in Paragraph 127 of Defendant's Counterclaim.

128.    Plaintiffs deny each and every allegation contained in Paragraph 128 of Defendant's Counterclaim.

129.    Plaintiffs deny each and every allegation contained in Paragraph 129 of Defendant's Counterclaim.

130.    Plaintiffs deny each and every allegation contained in Paragraph 130 of Defendant's Counterclaim.

131.    Plaintiffs deny each and every allegation contained in Paragraph 131 of Defendant's Counterclaim.

## COUNT X

132.    Plaintiffs incorporate by reference their answers to Paragraphs 1 through 132 as if fully restated herein.

133.    Plaintiffs deny each and every allegation contained in Paragraph 133 of Defendant's Counterclaim.

134.    Plaintiffs deny each and every allegation contained in Paragraph 134 of Defendant's Counterclaim.

135.    Plaintiffs deny each and every allegation contained in Paragraph 135 of Defendant's Counterclaim.

136.    Plaintiffs deny each and every allegation contained in Paragraph 136 of Defendant's Counterclaim.

137.    Plaintiffs deny each and every allegation contained in Paragraph 137 of Defendant's Counterclaim.

138.    Plaintiffs deny each and every allegation contained in Paragraph 138 of Defendant's Counterclaim.

139.    Plaintiffs deny each and every allegation contained in Paragraph 139 of Defendant's Counterclaim.

140.    Plaintiffs deny each and every allegation contained in Paragraph 140 of Defendant's Counterclaim.

## **COUNT XI**

141.    Plaintiffs incorporate by reference their answers to Paragraphs 1 through 140 as if fully restated herein.

142.    Plaintiffs deny each and every allegation contained in Paragraph 142 of Defendant's Counterclaim.

143.    Plaintiffs deny each and every allegation contained in Paragraph 143 of Defendant's Counterclaim.

144.    Plaintiffs deny each and every allegation contained in Paragraph 144 of Defendant's Counterclaim.

145.    Plaintiffs deny each and every allegation contained in Paragraph 145 of Defendant's Counterclaim.

146.    Plaintiffs deny each and every allegation contained in Paragraph 146 of Defendant's Counterclaim.

147.    Plaintiffs deny each and every allegation contained in Paragraph 147 of Defendant's Counterclaim.

148.    Plaintiffs deny each and every allegation contained in Paragraph 148 of Defendant's Counterclaim.

149.    Plaintiffs deny each and every allegation contained in Paragraph 149 of Defendant's Counterclaim.

150.    Plaintiffs deny each and every allegation contained in Paragraph 150 of Defendant's Counterclaim.

## COUNT XII

151.    Plaintiffs incorporate by reference their answers to Paragraphs 1 through 150 as if fully restated herein.

152.    Plaintiffs deny each and every allegation contained in Paragraph 152 of Defendant's Counterclaim.

153.    Plaintiffs deny each and every allegation contained in Paragraph 153 of Defendant's Counterclaim.

154.    Plaintiffs deny each and every allegation contained in Paragraph 154 of Defendant's Counterclaim.

155.    Plaintiffs deny each and every allegation contained in Paragraph 155 of Defendant's Counterclaim.

## COUNT XIII

156.    Plaintiffs incorporate by reference their answers to Paragraphs 1 through 150 as if fully restated herein.

157.    Plaintiffs deny each and every allegation contained in Paragraph 157 of Defendant's Counterclaim.

158.    Plaintiffs deny each and every allegation contained in Paragraph 158 of Defendant's Counterclaim.

159.    Plaintiffs deny each and every allegation contained in Paragraph 159 of Defendant's Counterclaim.

160.    Plaintiffs deny each and every allegation contained in Paragraph 160 of Defendant's Counterclaim.

## FIRST AFFIRMATIVE DEFENSE

Defendant's counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some or all of the claims in Defendant's Counterclaim are barred by the settlement agreements Defendant entered into with Kennamer and Hauck.

## THIRD AFFIRMATIVE DEFENSE

Defendant's counterclaims must fail, in whole or in part, to the extent that they are barred by the doctrines of waiver, release, estoppel, unclean hands, or laches.

## FOURTH AFFIRMATIVE DEFENSE

Defendant's counterclaims must fail, in whole or in part, to the extent that they are barred by the applicable statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

Defendant's counterclaims must fail, in whole or in part, by its failure to mitigate its damages.

## SIXTH AFFIRMATIVE DEFENSE

Defendant's counterclaims must fail, in whole or in part, because the relief sought is not appropriate for equitable relief.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's counterclaims for equitable relief must fail, in whole or in part, because it has an adequate legal remedy.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs reserve the right to amend and supplement their affirmative defenses upon discovery of other or further information regarding Defendant's alleged counterclaims.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues as to which they have a right to a jury trial.

**WHEREFORE**, Plaintiffs,  The Veracity Group, Jack Kennamer, and Christopher Hauck, respectfully request this Court enter judgment in their favor as follows:

1. Dismiss Defendant's Counterclaim in its entirety, with prejudice;

2. That Plaintiff be entitled to recover its costs, including reasonable attorneys' fees; and

3.      Such further relief in law and equity to which it may be entitled.

Respectfully submitted,

KEATING MUETHING & KLEKAMP
PLL


/s/ Michael L. Scheier
Michael L. Scheier (0055512)
Thomas F. Hankinson (0088367)
Lori G. Heilman (0086533)
Keating Muething & Klekamp PLL
Phone: (513) 579-6952
Fax: (513) 579-6457
mscheier@kmklaw.com
thaninson@kmklaw.com
lheilman@kmklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed this 31st day of December, 2012. Notice of this filing will be sent to counsel of record electronically by operation of the Court's electronic filing system.

/s/ Michael L. Scheier
Michael L. Scheier

4710777.2